IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DONALD C. WITTMEYER o/b/o <br> DENIS K. WITTMEYER, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL J. ASTRUE, <br> **Commissioner of Social Security** <br><br> Defendant. | Case No. 11-0653-CV-W-RED-SSA |

## ORDER

Plaintiff Denis K. Wittmeyer through Donald C. Wittmeyer, the substituted party, ("Plaintiff") seeks judicial review of the Commissioner's denial of his request for disability insurance benefits under Title II of the Social Security Act. Plaintiff has exhausted all of his administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge (the "ALJ").[1]

## BACKGROUND

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

## LEGAL STANDARD

The Court's review is limited to determining whether the Commissioner applied the correct

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a *de novo* review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands

2

of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that she is disabled. If the claimant is not able to perform her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

## ANALYSIS

Plaintiff sets forth two arguments in his brief. Plaintiff first argues that the ALJ did not fully and fairly develop the facts and, second, that the ALJ erred in concluding that Plaintiff's impairments did not meet the requirements for a 6.02 listing for renal failure impairment.

**I.      The ALJ fully and fairly developed the facts.**

Plaintiff argues that the ALJ did not fully and fairly develop the facts of the record. In support of his argument, Plaintiff notes misstatements in the record, specifically: that Denis Wittmeyer testified at the hearing; that Stacia L. Schonbrun, Ph.D. testified at the hearing; and that claimant was represented by Roger Driskill when in fact attorney Matt Grundy appeared as Plaintiff's representative at the hearing.

When considering the argument that the ALJ did not fully and fairly develop the record, the Court must determine whether Plaintiff "was prejudiced or treated unfairly by how the ALJ did or did not develop the record; absent unfairness or prejudice, we will not remand." *Onstad v. Shalala*,

3

999 F.2d 1232, 1234 (8th Cir. 1993)(citing *Phelan v. Bowen*, 846 F.2d 478, 481 (8th Cir. 1988)).

First, Plaintiff was not prejudiced by the ALJ's misstatement that Denis Wittmeyer testified at the hearing. It is clear that the ALJ was aware of Denis Wittmeyer's death and the fact that Denis Wittmeyer did not testify at the hearing as the ALJ, at the hearing, expressed its concern that Donald Wittmeyer, Denis' father, was a properly substituted party. Moreover, Plaintiff has set forth no argument or evidence that illustrates how this misstatement was unfairly prejudicial. Second, the ALJ stated that a vocational expert, Dr. Schonbrun, testified at the hearing, even though she did not. Nonetheless, Plaintiff, once again, sets forth no argument or evidence which illustrates how this misstatement was unfairly prejudicial. Finally, the ALJ stated in his decision that claimant is represented by Roger Driskill. Plaintiff claims this was another error by the ALJ since Matt Grundy actually appeared for Plaintiff at the hearing. The Court does not consider this to be a misstatement since attorney Roger Driskill is on record in the file as representing claimant and is the attorney of record on this appeal. The fact that Mr. Grundy, an attorney in Mr. Driskill's office, appeared at the hearing is of no significance.

Plaintiff additionally argues that the ALJ misled him when it indicated that it was going to make a finding in Plaintiff's favor if it found that Donald Wittmeyer was a properly substituted party and, thus, denied Donald Wittmeyer the opportunity to present testimony about Denis Wittmeyer's condition or symptoms. However, there is no indication that the ALJ prevented Plaintiff from providing this testimony. Moreover, Plaintiff does not illustrate how this testimony would or could have shown that Denis Wittmeyer was, in fact, entitled to benefits during the relevant time period and, thus, was prejudiced by the lack of this testimony. For these reasons, this Court finds that the ALJ did fully and fairly develop the record as Plaintiff has not fulfilled its burden of showing that the ALJ's misstatements unfairly prejudiced Plaintiff. After all, "'an arguable deficiency in opinion-writing technique does not require us to set aside an administrative finding where the deficiency had

4

no bearing on the outcome . . .'". *Hepp v. Astrue*, 511 F.3d 798, 806 (8th Cir. 2008)(quoting *Robinson v. Sullivan*, 956 F.2d 836, 841 (8th Cir. 1992)).

**II.     The ALJ properly determined that Plaintiff did not meet or equal listing 6.02 for impairment of renal function.**

Plaintiff argues that the ALJ erred in determining that Plaintiff did not meet or equal listing 6.02 for impairment of renal function. Plaintiff bears the burden of proof in establishing that his impairments meet or equal a listing. *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004). To meet a listing, "an impairment must meet all of the listing's specified criteria." *Carlson v. Astrue*, 604 F.3d 589, 593 (8th Cir. 2010)(quoting *Johnson*, 390 F.3d at 1070). Plaintiff has not met his burden as he has not addressed any of listing 6.02's specified criteria[2], nor has he addressed any medical evidence which supports his argument that he meets any of the listing's specified criteria. Therefore, Plaintiff has failed to meet his burden of establishing that he does meet a listing under 6.02.

Finally, Plaintiff argues that the ALJ erred in its decision because, at the hearing, the ALJ indicated that Plaintiff would meet a listing under 6.02. However, this statement does not change the fact that the Plaintiff has the burden of proof to show that he does, in fact, meet a listing. Moreover, it should be noted that, at the hearing, the ALJ also stated that it would need to study the

---

[2]In order to show a listing under 6.02, Plaintiff must show that he had an impairment of renal function, due to any chronic renal disease that has lasted or can be expected to last for a continuous period of at least 12 months with one of the following: chronic hemodialysis or peritoneal dialysis; kidney transplantation (consider under a disability for 12 months following surgery; thereafter, evaluate the residual impairment; or persistent evaluation of serum creatine to 4 mg per deciliter or greater or reduction of creatinine clearance to 20 ml per minute or less, over at least 3 months, with one of the following: (1) renal osteodystrophy; (2) persistent motor or sensory neuropathy; (3) persistent fluid overload syndrome with: a) diastolic hypertension greater than or equal to diastolic blood pressure of 110 mm Hg; or b) persiste
nt signs of vascular congestion despite prescribed therapy; or (4) persistent anorexia with weight loss determined by body mass index of less than 18.0, calculated on at least two evaluations at least 30 days apart within a consecutive 6-month period.

5

information and would, then, prepare a written decision on the case. For these reasons, the ALJ properly determined that Plaintiff did not meet or equal listing 6.02 for impairment of renal function.

## CONCLUSION

The long and short of this case is that there is a lack of evidence, particularly medical records, to establish that Denis Wittmeyer was disabled during the relevant time period. It is unfortunate that the ALJ made several statements that were either misleading or simply not true. However, these misstatements do not change the actual record. This case concerns a claim for disability beginning on January 1, 2004, with a cut-off date of March 31, 2004 (expiration of coverage), within which the disability must be established. The applicable record simply does not support this. Medical records from three years after the expiration of coverage may very well establish a disability at that time, but that is of no benefit to this claim. Therefore, for the reasons discussed above, the Court **AFFIRMS** the decision of the ALJ.

**IT IS SO ORDERED.**

DATED:	March 8, 2012		  */s/ Richard E. Dorr*
					RICHARD E. DORR, JUDGE
					UNITED STATES DISTRICT COURT